IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD DEELEY | : | CIVIL ACTION |
| | : | NO. 10-1242 |
| v. | : | |
| | : | |
| GENESIS HEALTHCARE | : | |
| CORPORATION AND | : | |
| JENNIFER VALINOTTI | : | |
| | : | |

O'NEILL, J.                                                                            AUGUST 16, 2010

## MEMORANDUM

Presently before me are plaintiff Ronald Deeley's motion for leave to file his second amended complaint and defendants' response thereto; defendants Genesis Healthcare, Inc. and Jennifer Valinotti's motion to strike plaintiff's second amended complaint and for sanctions and plaintiff's response thereto; defendants' motion to dismiss plaintiff's first amended complaint and plaintiff's response thereto; and plaintiff's request for an extension of time to respond to defendants' motion to dismiss plaintiff's first amended complaint and defendants' response thereto. For the following reasons I will deny defendants' motions, grant plaintiff's motion for leave to file his second amended complaint and treat plaintiff's second amended complaint as properly filed.

## BACKGROUND

Plaintiff filed his original complaint in this action on March 22, 2010. In lieu of an answer, defendants filed a motion to dismiss on May 27, 2010. Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure (allowing amendment of a pleading once as a matter of course within 21 days of the filing of a Rule 12(b) motion), plaintiff amended his pleading and filed his first amended complaint on June 11, 2010. This Court denied defendants' original motion to

dismiss as moot on June 15, 2010. Defendants filed a new motion to dismiss plaintiff's first amended complaint on June 18, 2010. Without obtaining defendants' consent or leave of this Court, plaintiff filed a second amended complaint on July 2, 2010. On July 19, 2010 defendants filed a motion to strike plaintiff's second amended complaint on the grounds that plaintiff failed to comply with Rule 15(a). Thereafter, on July 20, 2010 plaintiff retroactively sought defendants' consent to file the second amended complaint, and on July 22, 2010 plaintiff retroactively sought leave to amend by this Court.

ANALYSIS

Rule 15(a) states that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1) (2009). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Two interpretations of Rule 15(a) seem reasonable given the Rule's somewhat ambiguous wording: (1) a party only has one opportunity to amend its pleading as a matter of course, or (2) each time a party files a pleading, including an amended complaint, it has a new opportunity to amend that pleading as a matter of course. However, the Court of Appeals interpreted Rule 15(a) to mean that "[a]fter amending once . . . the plaintiff may amend only with leave of court or the written consent of the opposing party. . ." Fauver v. Shane, 213 F.3d 113, 115 (3d Cir. 2000).[1]

---

[1] Rule 15(a)(1) was amended in 2009. Previously, it stated "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the

District Courts have applied Rule 15(a) in accordance with the Court of Appeals' interpretation in Fauver. In Bifulco v. Smithkline Beecham, the plaintiff filed a first amended complaint as a matter of course, but then filed a second and a third amended complaint without obtaining leave for either. Civ. A. No. 06-3567, 2007 WL 2726146, at *2-3 (E.D. Pa. Sept. 18, 2007). In that case, the Court held that after "Plaintiff filed his First Amended Complaint . . . [a]ny subsequent amendments required leave of court or consent of the parties. Plaintiff failed to secure either. Because Plaintiff is completely out of compliance with Rule 15, Plaintiff's Second and Third Amended Complaints are stricken." Id. at *3; see also Abramsen v. Johanns, Civ. A. No. 07-31, 2010 WL 1576593, at *3 (D.V.I. April 16, 2010) (holding that "[p]laintiffs may not amend their first amended complaint as a matter of course under Rule 15(a)(1). Thus, they seek leave of court to do so pursuant to Rule 15(a)(2)" and granting the plaintiffs leave to file a second amended complaint).

In the instant case, plaintiff's second amended complaint was improperly filed because he failed to obtain the consent of defendants or leave of this Court as required under Rule 15(a). However, plaintiff's failure to obtain consent or leave to amend does not preclude this Court from accepting his second amended complaint. In Lehman v. Diamond Dev. Co., the plaintiff filed a second amended complaint without first obtaining leave as required by Rule 15(a). Civ. A. No. 10-cv-0197, 2010 WL 2265876 (M.D. Pa. June 2, 2010). The Court struck the plaintiff's

---

action is not yet on the trial calendar." Fed. R. Civ. P. 15(a)(1) (2008). Although the 2009 amendment made substantial changes to Rule 15, with respect to the present issue, i.e. how many times a party may amend a pleading as a matter of course before it must seek consent or leave, the relevant language ("once as a matter of course") was not altered. Therefore the case law interpreting Rule 15(a) prior to the 2009 amendment with regard to this issue remains applicable.

second amended complaint and directed the plaintiff to properly obtain the necessary leave before re-filing. Id. at *2. The plaintiff then filed a motion with the Court to obtain its leave to file a second amended complaint. Id. After determining that the defendants would not be unduly prejudiced and that the plaintiff was not seeking to amend based on an improper motive, the Court granted the plaintiff leave to re-file the second amended complaint. Id. at *2-3; see also Beale v. Dept. of Justice, Civ. A. No. 06-2186, 2007 WL 327465, at *3 (D.N.J. Jan. 30, 2007) (allowing the plaintiff retroactive leave to amend even though his second amended complaint was filed without consent of the defendant or leave of the Court); Thomas v. Ne. Educ. Intermediate Unit 19, Civ. A. No. 3:06-CV-1902, 2008 WL 314373, at *4 (M.D. Pa. Feb. 1, 2008) (allowing the plaintiff leave to amend and in effect re-file after striking the plaintiff's second amended complaint for failure to follow Rule 15(a)).

Here, plaintiff has already filed a retroactive motion requesting leave to file his second amended complaint on the basis of judicial economy and fairness. Pl.'s Mot. for Leave to Amend Compl. (D. 15). Defendants oppose this motion in their motion to strike and argue that, because plaintiff did not properly obtain leave, this Court should strike plaintiff's second amended complaint from the docket. Def.'s Mot. to Strike at ¶ 6 (D. 14).

With respect to when the Court should grant leave to amend, the Supreme Court has held that

> [i]n the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, futility of amendment, etc.–the leave should, as the rules require, 'be freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962).

I must apply the factors enumerated by the Supreme Court in evaluating plaintiff's motion for leave to amend and defendant's motion to strike. Id. at 182. Plaintiff's second amended complaint contains substantively different claims than appeared in his first amended complaint. Where plaintiff originally had a retaliation claim under the Fair Labor Standards Act, plaintiff's second amended complaint contains a claim for unpaid overtime wages under the FLSA. Compare First Am. Compl. ¶¶ 26-42 with Second Am. Compl. ¶¶ 28-38. Plaintiff has also amended his Pennsylvania Minimum Wage Act claim in his second amended complaint such that he is only claiming a violation under that statute as an individual, not as a class. Compare First Am. Compl. ¶¶ 43-51 with Second Am. Compl. ¶¶ 39-43. Finally, in response to defendants' motion to dismiss plaintiff's first amended complaint, plaintiff has provided additional clarification as to the members of his asserted collective/class action. Id. at ¶¶ 21-27. These amendments do not appear to be motivated by some improper purpose such as purposeful delay[2] or bad faith. Nor are the amended claims futile on their face.[3] Plaintiff appears to have

---

[2] Defendants' argument that plaintiff engaged in undue delay is unsupported. Defendants appear to argue that because they believe plaintiff should have made the allegations contained in his second amended complaint in his original complaint he therefore engaged in months of undue delay. However, the record shows that plaintiff filed his amended complaints promptly after receiving the defendants' motions to dismiss. See D. 8 (First Amended Complaint filed fifteen days after motion to dismiss); D. 12 (Second Amended Complaint filed seven days after motion to dismiss). This hardly constitutes undue delay.

[3] Defendants argue that granting plaintiff leave to file the second amended complaint is futile because he admits that he was eventually paid for the overtime. However, plaintiff alleges that he and other employees are not paid for overtime, even if they work the overtime hours, unless they request to be paid. See Second Am. Compl. ¶¶ 35-36. The Court of Appeals held that delayed payment of overtime under certain circumstances constitutes a violation of the FLSA. See Brooks v. Village of Ridgefield Park, 185 F.3d 130, 136 (3d Cir. 1999) (analyzing the appropriateness of liquidated damages in such a case). Defendants' arguments with respect to the class allegations can be addressed in the briefing on plaintiff's motion to certify the class.

implicitly acknowledged that defendants' motion to dismiss his first amended complaint was meritorious and, accordingly, plaintiff altered those claims. Defendants can file an additional motion to dismiss if that is how they wish to respond to these amended claims. The prejudice that results from requiring defendants to file an additional motion to dismiss is insufficient to refuse plaintiff leave to file his second amended complaint. Thomas, 2008 WL 314373 at *4 ("Although defendants argue that they will be prejudiced by the requirement to file another motion to dismiss, such prejudice is not undue.").

Additionally, defendants argue that plaintiff's second amended complaint should be struck because plaintiff's first amended complaint failed to cure the deficiencies asserted by defendant in their original motion to dismiss. Def.'s Mot. to Strike ¶¶ 3, 8. While plaintiff's first amended complaint is not substantially different than his original complaint, plaintiff did alter his allegations in response to defendants' original motion to dismiss. Plaintiff's first amended complaint included additional allegations regarding the protected activity which plaintiff argues was the cause of the retaliation against him in violation of the FLSA. Compare Compl. ¶ 22 with First Am. Compl. ¶ 41. The first amended complaint also specifies in more detail plaintiff's claim under the PMWA. Compare Compl. ¶¶ 26-30 with First Am. Compl. ¶¶ 43-51. While plaintiff's first amended complaint did not address all of the legal deficiencies asserted by defendants in their original motion to dismiss, plaintiff did not simply re-file his original complaint unaltered or make only cursory changes to his claims. Plaintiff's filing of his first amended complaint was not obviously a dilatory time-wasting tactic or done in bad faith, and therefore I will not preclude him from further amending his claims and filing his second amended complaint.

I will deny defendants' motion to strike and for sanctions[4] and grant plaintiff leave to file his second amended complaint. Accordingly, plaintiff's second amended complaint (D. 12) will be deemed properly filed. Defendants' motion to dismiss plaintiff's first amended complaint and plaintiff's motion for extension of time to respond to said motion will also be denied as moot.

An appropriate Order follows.

---

[4] Sanctions are inappropriate in this instance. "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Court of Appeals has held that "[a]lthough § 1927 provides a court with a mechanism for sanctioning vexatious and willful conduct, 'courts should exercise [this sanctioning power] only in instances of a serious and studied disregard for the orderly process of justice.'" Lasalle Nat. Bank v. First Conn. Holding Group, LLC, 287 F.3d 279, 288 (3d Cir. 2002) (quoting Ford v. Temple Hosp., 790 F.2d 342, 347 (3d Cir. 1986) (additional citations omitted). In this case, in contrast to a "disregard for the orderly process of justice," I find plaintiff has attempted to refine his complaint in response to the deficiencies identified by defendants. Therefore, I will deny defendants' motion for sanctions.