IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD DEELEY | : | CIVIL ACTION |
| | : | NO. 10-1242 |
| v. | : | |
| | : | |
| GENESIS HEALTHCARE | : | |
| CORPORATION AND | : | |
| JENNIFER VALINOTTI | : | |
| | : | |

O'NEILL, J.                                                                           March 25, 2011

## MEMORANDUM

Plaintiff Ronald Deeley alleges that defendant Genesis Healthcare Corporation employed him as a nursing supervisor at its Hopkins Center[1] and that defendant Jennifer Valinotti was Hopkins Center's Administrator during his employment there. Plaintiff claims that in November 2009, he learned that Valinotti was altering overtime hours submitted by certain employees and that he informed certain of his co-workers of her actions. He asserts that he requested and attended a meeting with Hopkins Center management to discuss the alteration of his time records. He alleges that defendants subsequently made a written record of his verbal complaint. Plaintiff asserts that following the meeting defendants paid him the overtime that he had identified as having been altered and not initially having been paid to him. He alleges that thereafter defendants advised him that his hours would be reduced because several pool nurses had been hired for Hopkins Center. According to plaintiff, he was eventually informed that he was no longer permitted to work at Hopkins Center. He alleges that in or around December 2009, after being required to reapply for employment, he made a lateral move to a different

---

[1] Defendants assert that plaintiff's former employer and the proper defendant is The Straus Group Hopkins House, L.P, not Genesis HealthCare Corporation.

facility within defendant's system.

On March 22, 2010, plaintiff filed a collective action complaint on behalf of himself and other similarly situated employees or former employees of defendant alleging retaliation in violation of the Fair Labor Standards Act and violation of the Pennsylvania Wage Payment and Collection Law. Defendants filed a motion to dismiss plaintiff's complaint on May 27, 2010 arguing, in relevant part, that plaintiff's allegation that he had "requested a meeting" to make a complaint about changes to his time records failed to establish the requisite protected activity under FLSA.[2] Compl. ¶ 22. In response, plaintiff filed a first amended complaint on June 11, 2010 in which he alleged, inter alia, that he "requested <u>and had</u> a meeting with Defendant Valinotti and the Director of Nursing, Kitty Levitsky, to verbally discuss why Plaintiff's [time entry] data was altered" and that "he complained he was being deprived his rightful pay to his supervisors." Am. Compl. ¶¶ 16, 41 (emphasis added). On June 15, 2010, I denied defendants' May 27 motion to dismiss as moot. On June 18, 2010, defendants filed a motion to dismiss plaintiff's first amended complaint arguing that, as amended, plaintiff's allegations remained insufficient to support his retaliation claims.

Plaintiff thereafter filed a second amended complaint without obtaining defendants' consent or leave of court. The second amended complaint substituted claims for unpaid overtime wages under FLSA and the Pennsylvania Minimum Wage Act for plaintiff's previously asserted FLSA and PWPCL retaliation claims. On July 19, 2010, defendants filed a motion to strike plaintiff's second amended complaint, asserting that plaintiff failed to comply with the

---

[2] In his initial complaint plaintiff did not allege that any such meeting had actually taken place.

requirements of Federal Rule of Civil Procedure 15(a).  On July 22, 2010, plaintiff retroactively sought leave to amend his complaint.  On August 16, 2010, I granted plaintiff leave to file his second amended complaint.  See Deeley v. Genesis Healthcare Corp., No. 10-1242, 2010 WL 3239352 (Aug. 16, 2010).  Defendants answered plaintiff's second amended complaint on August 30, 2010.

On October 27, 2010, plaintiff filed a motion for leave to file a third amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.  Plaintiff now seeks to assert an individual claim for retaliation under the FLSA.

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962).  Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman, 371 U.S. at 182.  Defendants oppose plaintiff's motion to amend his complaint, arguing that his claim is futile.[3]

An amendment to a pleading is futile if it fails to state a claim upon which relief may be

---

[3] In their brief opposing plaintiff's second motion for leave to amend, defendants also argue that he should be bound by his previous dismissal of his collective action FLSA retaliation claim.  I disagree.  When plaintiff withdrew his FLSA retaliation claim, it "had the effect of a dismissal without prejudice, not a binding waiver of the claim."  Haddock v. Nationwide Fin. Servs. Inc., 514 F. Supp. 2d 267, 272-73 (D. Conn. 2007) (finding plaintiff did not impliedly waive claim included in its original complaint but omitted from subsequent complaints); see also Google v. Affinity Engines, Inc., No. 05-0598, 2005 WL 2007888, at *7 (N.D. Cal. Aug. 12, 2005) ("courts may allow a plaintiff to reallege a voluntarily withdrawn claim").

3

granted.  Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 175 (3d Cir. 2010), citing In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007).  The standard for assessing futility is the "same standard of legal sufficiency as applies under [Federal] Rule [of Civil Procedure] 12(b)(6)."  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  In other words, I should "determine[ ] futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff."  Winer Family Trust v. Queen, 503 F.3d 319, 330-31 (3d Cir. 2007) citing In re Alpharma, Inc. Sec. Litig., 372 F.3d 137, 153-54 (3d Cir. 2004).

Defendants argue that plaintiff's proposed amendment would be futile because his allegation that he verbally complained to his supervisors about the alleged alterations to his time records is insufficient to establish a viable FLSA retaliation claim.  FLSA's anti-retaliation provision makes it unlawful for any person "[t]o discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified about or is about to testify in any such proceeding . . . ."  29 U.S.C. § 215(a)(3).  On March 22, 2011, the U.S. Supreme Court held that an oral complaint may serve as the basis for a FLSA retaliation claim where it is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."  Kasten v. Saint-Gobain Performance Plastics Corp., --- S.Ct. ----, 2011 WL 977061, at *9 (2011).  In his proposed third amended complaint, plaintiff again alleges that he "requested and had a meeting with Defendant Valinotti and the Director of Nursing, Kitty Levitsky, to verbally discuss why Plaintiff's [time entry] data was altered."  Second Mot. for Leave to Am.,

4

Ex. A, ¶ 49. Viewing the allegations in plaintiff's proposed third amended complaint in a light most favorable to plaintiff, I find that amendment would not be futile under the standard set forth in Kasten. Accordingly, I will grant plaintiff's second motion to amend.[4]

In their opposition to plaintiff's second motion to amend, defendants seek sanctions pursuant to 28 U.S.C. § 1927[5] and the court's inherent authority. "[B]efore a court can order the imposition of attorneys' fees under § 1927, it must find willful bad faith on the part of the offending attorney." Williams v. Giant Eagle Markets, Inc., 883 F.2d 1184, 1191 (3d Cir. 1989). "Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 278 F.3d 175, 188 (3d Cir. 2002) (citations and internal quotations omitted). Similarly, "[c]ircumstances that may justify sanctions pursuant to a court's inherent power include cases where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." Id.

Plaintiff's FLSA retaliation claim was not clearly without merit when he sought leave to amend. Although the Court of Appeals for the Third Circuit had not squarely addressed the issue prior to the Supreme Court's decision in Katzen, several of my colleagues on this Court had held that an employee's informal assertion of rights under FLSA triggered the protections of its anti-retaliation provision. See, e.g., Chennisi v. Communs. Constr. Group, LLC, No. 04-4826, 2005

---

[4] Any further motion to amend plaintiff's complaint will require a substantial justification.

[5] Pursuant to 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

WL 387594 (E.D. Pa. Feb. 17, 2005); Coyle v. Madden, No. 03-4433, 2003 WL 22999222 (E.D. Pa. Dec. 17, 2003). In the absence of any other evidence of an improper purpose behind plaintiff's motion to file a third amended complaint, I decline to award the requested sanctions.

An appropriate Order follows.