IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD DEELEY | : | CIVIL ACTION |
| | : | NO. 10-1242 |
| v. | : | |
| | : | |
| GENESIS HEALTHCARE | : | |
| CORPORATION AND | : | |
| JENNIFER VALINOTTI | : | |
| | : | |

O'NEILL, J.                                                              July 28, 2011

## MEMORANDUM

Plaintiff Ronald Deeley was employed as a nursing supervisor at defendant Genesis

Healthcare Corporation's Hopkins Center.[1]  On March 22, 2010, plaintiff filed a putative

collective action complaint alleging retaliation in violation of the Fair Labor Standards Act[2] and

violation of the Pennsylvania Wage Payment and Collection Law.  Plaintiff's factual allegations

were limited to events occurring at the Hopkins Center.  On May 27, 2010, defendants moved to

dismiss plaintiff's complaint.  Plaintiff did not respond to the motion to dismiss, and instead filed

---

[1]      Defendants assert that plaintiff's former employer and the proper defendant is The
Straus Group Hopkins House, L.P., not Genesis HealthCare Corporation.

[2]      The FLSA requires employers to pay time-and-a-half for employee labor
exceeding forty hours per week.  29 U.S.C. § 207.  Under 29 U.S.C. § 216(b) employees who
believe their right to unpaid overtime compensation has been violated may maintain a collective
action on their own behalf and on behalf of all similarly situated employees.  "'Collective action
treatment under § 216(b) reflects a policy in favor of judicial economy by which 'the judicial
system benefits by efficient resolution in one proceeding of common issues of law and fact
arising from the same alleged discriminatory activity.'"  Holt v. Rite Aid Corp., 333 F. Supp. 2d
1265, 1269 (M.D. Ala. 2004), quoting Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170
(1989).  The right to proceed collectively may be foreclosed where "an action relates to specific
circumstances personal to the plaintiff rather than any generally applicable policy or practice."
Basco v. Wal-Mart Stores, Inc., No. 00-3284, 2004 WL 1497709 (E.D. La., Jul. 2, 2004), quoting
Burt v. Manville Sales Corp., 116 F.R.D. 276, 277 (D. Colo. 1987).

a first amended complaint on June 11, 2010.  I denied defendants' motion to dismiss as moot on

June 15, 2010 and on June 18, 2010, defendants filed a motion to dismiss plaintiff's first

amended complaint.

Plaintiff thereafter filed a second amended complaint without obtaining defendants'

consent or leave of court.  The second amended complaint substituted claims for unpaid overtime

wages under the FLSA and the Pennsylvania Minimum Wage Act for plaintiff's previously

asserted FLSA and PWPCL retaliation claims.  Plaintiff's factual allegations remained limited to

events occurring at the Hopkins Center.  On July 19, 2010, defendants filed a motion to strike

plaintiff's second amended complaint, asserting that plaintiff failed to comply with the

requirements of Federal Rule of Civil Procedure 15(a).  On July 22, 2010, plaintiff retroactively

sought leave to amend his complaint.  On August 16, 2010, I granted plaintiff leave to file his

second amended complaint.  See Deeley v. Genesis Healthcare Corp., No. 10-1242, 2010 WL

3239352 (Aug. 16, 2010).  Defendants answered plaintiff's second amended complaint on

August 30, 2010.

On October 27, 2010, plaintiff filed a motion for leave to file a third amended complaint

in which he sought to assert an individual claim for retaliation under the Fair Labor Standards

Act.  Again, plaintiff's factual allegations were limited to events occurring at the Hopkins Center.

I granted plaintiff leave to file his third amended complaint on March 25, 2011.[3]  Deeley v.

---

[3]          In opposing plaintiff's motion for leave to file a third amended complaint,
defendant argued that plaintiff's proposed amendment would be futile because his allegation that
he verbally complained to his supervisors about the alleged alterations to his time records would
be insufficient to establish a viable FLSA retaliation claim.  I found that plaintiff's proposed
amendment would not be futile under the U.S. Supreme Court's decision in Kasten v. Saint-
Gobain Performance Plastics Corp., — U.S. —, 131 S. Ct. 1325, 1334, 179 L. Ed. 2d 379 (2011),
which held that an oral complaint may serve as the basis for a FLSA retaliation claim where it is

Genesis Healthcare Corp., No. 10-1242, 2011 WL 1162204 (Mar. 25, 2011).  Defendants answered plaintiff's third amended complaint on April 11, 2001.  Thereafter, plaintiff served defendants with notice of a Rule 30(b)(6) deposition seeking, inter alia, data and information related to all locations affiliated with Genesis HealthCare LLC.  Defendants refused to produce a witness to testify regarding the broad information sought by plaintiff, asserting that the allegations in the third amended complaint were based only on events transpiring at the Hopkins Center, including the actions of individual defendant Jennifer Valinotti, who was an administrator at the Hopkins Center during plaintiff's employment at the Hopkins Center.  Defs.' Br. Ex. A.

Plaintiff now seeks leave to file a fourth amended complaint and to dismiss his claims against Valinotti.  In his proposed fourth amended complaint, Deeley seeks to expand the scope of his collective action by redefining the corporate defendant to specifically include 236 separate facilities allegedly operated by Genesis.  Pl.'s Br. at 6-7; id. Ex. A, ¶ 2.  Plaintiff asserts that he has "learned that Genesis Healthcare's violations were not limited to the Hopkins Center," that "culpable conduct was incorrectly placed on Defendant Jennifer Valinotti," and that "[b]y dismissing [Valinotti, he] will be permitted to expand the scope of the class certification to include other facilities within Defendant Genesis Healthcare's control."  Id. at 7.  However, neither plaintiff's brief nor his proposed fourth amended complaint specifically identify facts plaintiff has learned to show that Genesis's alleged violations extended to its other facilities or that his prior complaints incorrectly assigned blame to Valinotti.

---

"sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."

Indeed, despite plaintiff's request to dismiss Valinotti, her actions appear to remain central to the allegations in plaintiff's proposed fourth amended complaint.  He asserts that during his employment at the Hopkins Center, Valinotti, who was the Hospital Administrator, had "the ability to control wage and hour databases . . . ."  Id. Ex. A, ¶ 11.  He further alleges that "Hopkins Center Hospital Administration . . . altered his time entry data, specifically his overtime hours."  Id. Ex. A, ¶ 12.  He alleges that he "met with Jennifer Valinotti and the Director of Nursing, Kitty Levitsky, to make a verbal complaint about Jennifer Valinotti altering his time records."  Id. Ex. A, ¶ 15.

In his allegations relevant to facilities other than the Hopkins Center, plaintiff asserts only that he "became aware that alterations were also perpetrated on other staff members and believes the Genesis Healthcare Corporation personnel such as Administrators were permitted to make [alterations of time entry data] to achieve budgetary goals and objectives of Defendant employer."  Id. Ex. A, ¶ 12.  He alleges that "[u]pon information and belief, various other members of the class have not received overtime payments that are due to them and/or have only received overtime payments upon request."  Id. Ex. A, ¶ 18.  He alleges that "[u]pon[ ] information and belief, Plaintiff and other[ ] similarly situated employees (including Nurses' Assistants, Registered Nurse Supervisors, Registered Nurses, Charge Nurses and Licensed Practitioner Nurses) were deprived pay for overtime work."  Id. Ex. A, ¶ 19.  He contends that "[e]mployees who worked in the positions are similarly situated because a shared factual nexus binds their claims for denial of overtime compensation.  They are the victims of a common scheme by which Defendant employer routinely and illegally denied them wages for workweeks in which they worked more than 40 hours."  Id. ¶ 23.  Plaintiff alleges that defendants' conduct

-4-

"constitutes a willful violation of the FLSA . . . because Defendant employer deliberately altered Plaintiff's and other similarly situated class members' overtime hours in order to meet Defendant'[s] hourly budget goals which is a practice Defendant employer enabled, tolerated, and condoned, if not encouraged, with a large annual bonus for administrators and supervisors . . . ." Id. Ex. A, ¶ 36.

In the class defined in his proposed fourth amended complaint, plaintiff "believes there are at minimum, twenty five individuals at Plaintiff's particular place of employment and potentially thousands of individuals collectively among all Defendant employer's nationwide locations. Id. Ex. A, ¶ 24. Plaintiff's proposed fourth amended complaint does not include information about the number of hours plaintiff worked without compensation and does not approximate the number of uncompensated hours worked by potential opt-in plaintiffs.

Plaintiff's proposed fourth amended complaint also includes a count under the Pennsylvania Wage Payment and Collection Law. Pl.'s Br., Ex. A, Count 3. He does not explain why he did not include this claim in the earlier versions of his complaint.

For the reasons that follow, I will deny plaintiff's motion for leave to amend his complaint and will grant plaintiff's motion to dismiss his claims against Valinotti.

**DISCUSSION**

**I.      Plaintiff's Proposed Amendments**

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15 dictates "that leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 does not provide a plaintiff with "unfettered, unlimited opportunities to amend his pleading."

Assadourian v. Harb, No. 06-896, 2008 WL 4056361, at *3 (D.N.J. Aug. 28, 2008) (NO. 06-896), citing Foman v. Davis, 371 U.S. 178, 182 (1962).  Leave to amend may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  Foman, 371 U.S. at 182.

Futility of amendment is a sufficient basis to deny leave to amend under Rule 15(a). "The District Court determines futility by taking all pleaded allegations as true and viewing them in a light most favorable to the plaintiff."  Winer Family Trust v. Queen, 503 F.3d 319, 330-31 (3d Cir. 2007), citing In re Alpharma, Inc. Sec. Litig., 372 F.3d 137, 153-54 (3d Cir. 2004). Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted."  In re Merck & Co. Sec., Derivative, & ERISA Litig., 493 F.3d 393, 400 (3d Cir. 2007) (internal quotation marks & citation omitted); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (holding that standard for assessing futility is the "same standard of legal sufficiency as applies under Rule 12(b)(6)").  To state a claim for relief, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to establish that amendment of a claim should not be denied as futile.  Id., citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A.      **Plaintiff's Collective Action Claims and Proposed Redefinition of the Corporate Defendant**

I find that plaintiff may not expand the scope of his collective action through his proposed fourth amended complaint.  Plaintiff's amended allegations, which endeavor to broaden the scope of his complaint to include violations of the FLSA at Genesis facilities other than the Hopkins Center, are no more than "a formulaic recitation of the elements of a cause of action" and fail to state a claim for relief.  Wright v. Lehigh Valley Hosp. and Health Network, No. 10-431, 2011 WL 2550361, at * 3 (E.D. Pa. Jun. 23, 2011) (holding that where plaintiff's averments "are merely a formulaic recitation of the elements of a cause of action[,] reliance by Plaintiff on information and belief cannot transform legal conclusions into plausible factual allegation."). The only factual details in his proposed fourth amended complaint are specific to the Hopkins Center and the conduct of the administrators there.  Plaintiff provides no factual basis to support a conclusion that his allegations regarding Genesis's practices with respect to overtime pay at the Hopkins Center carried over to its other facilities.  His amended allegations are futile because they do not "nudge [his] claims across the line from conceivable to plausible or [ ] raise [his] right to relief above the speculative level."  Mell v. GNC Corp., No. 10-945, 2010 WL 4668966, at * 8 (W.D. Pa. Nov. 9, 2010) (internal quotations and citations omitted).

Courts have found allegations similar to those contained in the proposed fourth amended complaint to be insufficient to meet the standards set forth in Twombly.  In Mell, 2010 WL 4668966, at * 8 (internal quotations omitted), the Court dismissed plaintiff's complaint alleging violations of Section 207 of the FLSA where the plaintiffs alleged that the defendants "adopted a pervasive system to control overtime expense by requiring or suffering its employees to work off

the clock . . . but they fail[ed] to provide any details about this system."  The Court found "Plaintiffs' unsupported claims of a 'pervasive system to control overtime expense' to be exactly the type of conclusory allegation[s] rejected by the <u>Twombly</u> court."  <u>Id.</u>  The Court also found that the plaintiffs' "allegations that Defendants' actions were knowing and willful [were] inadequately pled" where there were no factual allegations to support plaintiffs' claim, such as "reports of complaints to supervisors about having to work off the clock which were rebuffed or ignored."  <u>Id.</u>

Confronted with a proposed amended complaint asserting a FLSA minimum wage claim and containing similar "generic conclusory assertions of a right to relief," the Court in <u>Jones v. Casey's General Stores</u>, 538 F. Supp. 2d 1094, 1102 (S.D. Iowa 2008), found that plaintiff's proposed amended complaint was futile as there was "not, on the face of the Amended Complaint, a single <u>factual</u> allegation that would permit an inference that even one member of the Plaintiffs' collective has 'a right to relief above the speculative level.'"  <u>Id.</u> at 1102-03 (emphasis in original), <u>quoting</u> <u>Twombly</u>, 127 S. Ct. at 1965.  The proposed amended complaint alleged that the defendant "operated under a scheme to deprive Plaintiffs and the collective class of minimum wage and overtime compensation by failing to properly compensate them for all time worked" and that "Defendant also willfuly failed to pay minimum wages, overtime pay and other benefits to Plaintiff and other assistant managers by failing to keep accurate time records to avoid paying them overtime benefits."  <u>Id</u> at 1102.

In <u>Schwartz v. Victory Security Agency, LP</u>, No. 11-0489, 2011 WL 2437009, at *3 (W.D. Pa. June 14, 2011), the plaintiffs alleged that the defendants failed to provide them with overtime compensation although they "knew that Plaintiffs and the Class members . . . regularly

performed pre-shift (and post-shift) work because Defendant's agents regularly encouraged, instructed, suffered, and permitted Plaintiffs and the Class members to perform this work and observed this work being performed on a regular basis."  The Court found that plaintiff's allegations did "not sufficiently detail how defendant's time keeping practices violated the FLSA" and granted the defendant's motion to dismiss.  Id.; see also Anderson v. Blockbuster, Inc., No. 10-158, 2010 WL 1797249, at *3 (E.D. Cal. May 4, 2010) (general allegations that plaintiff worked more than 40 hours per week and that defendants "willfully failed to pay all overtime" were "no more than conclusions [and] . . . not entitled to the assumption of truth"); Harding v. Time Warner, Inc., No. 09-1212-WQHWMC, 2009 WL 2575898, at *4 (S.D. Cal. Aug. 18, 2009) (granting defendant's motion to dismiss plaintiff's FLSA claim for overtime pay where "the bare factual allegation of a practice of 'rounding' of reported time worked to the nearest 15 minutes[ ] failed to raise a reasonable expectation that discovery will reveal evidence of the claim") (internal quotation, alterations and citation omitted).

I find that the absence of any specific factual allegations to support a nexus between plaintiff's prior claims – which were limited to the Hopkins Center – and his proposed amended claims – in which Genesis's conduct is alleged to have extended to centers other than the Hopkins Center – renders futile plaintiff's attempt to amend his complaint to redefine the corporate defendant.  This is particularly true where the parties have already begun to conduct discovery and where plaintiff has had multiple opportunities to amend his complaint.

**B.    Plaintiff's Proposed WPCL Amendment**

Defendants contend that plaintiff should not be allowed to amend his complaint to assert his proposed WPCL claim, as the proposed amendment would be futile.  Pennsylvania's WPCL

is an enforcement mechanism for employees whose employers have breached contractual agreements to pay wages. Hartman v. Baker, 766 A.2d 347 Pa. Super. Ct. 2000) ("The WPCL establishes employee's right to enforce payment of wages and compensation to which employee is otherwise entitled by terms of existing agreement."). "'To present a wage-payment claim,' the employee must aver a contractual entitlement 'to compensation from wages' and a failure to pay that compensation." Braun v. Wal-Mart Stores, Inc., --- A.3d ----, 2011 WL 2295224, at *69 (Pa. Super. Ct. June 10, 2011), quoting Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 716 (Pa. Super. Ct. 2005); see also Lehman v. Legg Mason, Inc., 532 F. Supp.2d 726, 733 (M.D. Pa. 2007) ("Relief under the WPCL is implausible without existence of a contract."). Plaintiff's proposed fourth amended complaint does not include an allegation that plaintiff's employment with Genesis was pursuant to a contract. Nor does his proposed fourth amended complaint include an allegation that, if such a contract existed, it would have entitled him to payment of overtime wages. Accordingly, I will deny plaintiff's motion to amend his complaint to state a claim under the WPCL.

## II.     Plaintiff's Motion to Dismiss His Claims Against Valinotti

Plaintiff moves to dismiss his claims against Valinotti pursuant to Rule 41 of the Federal Rules of Civil Procedure.[4] See Plasterer v. Hahn, 103 F.R.D. 184, 185 (M.D. Pa. 1984) ("when, as here, a plaintiff wishes to dismiss his entire claim against one of several defendants, Rule 41(a)(2) properly applies"). Rule 41(a)(2) states in relevant part that "an action shall not be

---

[4]      It may not be material whether the Court acts under Rule 15(a) which relates to amendments, or Rule 21 which Provides that the court may drop a party "on just terms.," or Rule 41(a)(2). See Shappell, 2007 WL 893910, at *1, quoting Johnston v. Cartwright, 355 F.2d 32, 29 (8th Cir.1966).

dismissed at the plaintiff's instance save upon order of the court and upon such terms as the court deems proper." Fed. R. Civ. P. 41(a)(2). "District courts have discretion over whether to grant a voluntary dismissal under Rule 41(a)(2)." Shappell v. PPL Corp., No. 06-2078, 2007 WL 893910, at *1 (D.N.J. March 21, 2007); see also Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir.1991). Dismissal should be granted unless it would subject "the defendant to plain prejudice beyond the prospect of subsequent litigation." Westinghouse Elec. Corp. v. United Elec. Radio & Mach. Workers of Am., 194 F.2d 770, 771 (3d Cir.1952), cert. denied, 343 U.S. 966, 72 S. Ct. 1060, 96 L. Ed. 1362 (1952); In re Wellbutrin XL, 268 F.R.D. 539, 543 (E. D. Pa. 2010) (same).

In the brief filed on behalf of both the corporate defendant and Valinotti, defendants ask that I deny plaintiff's request to dismiss his claims against Valinotti, arguing that plaintiff's motion is motivated by purely strategic considerations. I find that defendants have not set forth sufficient evidence of prejudice to either Valinotti or Genesis that would result from Valinotti's dismissal to warrant denial of plaintiff's motion to dismiss his claims against her. The FLSA imposes joint and several liability on employers.[5] See Moon v. Kwon, 248 F. Supp.2d 201, 237 (S.D.N.Y.2002) (holding corporate officer who is considered an employer under the FLSA is jointly and severally liable along with corporation). If I grant plaintiff's motion to dismiss Valinotti, Genesis may defend itself against plaintiff's claims and, if it is unsuccessful, decide later if it wishes to initiate suit against her for contribution. Reetz v. Jackson, 176 F.R.D. 412, 414 (D.D.C. 1997). Further, Genesis has not filed a cross claim against Valinotti. See id. (finding no prejudice would result from voluntary dismissal of doctor defendant where hospital

---

[5]    The FLSA broadly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

had not filed a cross-claim against doctor); <u>see also</u> <u>Protocomm Corp. v. Novell Advanced</u>

<u>Servs., Inc.</u>, 171 F. Supp. 2d 459, (E.D. Pa. 2001) (finding no prejudice from dismissal of settling

defendants where remaining defendants had not asserted cross-claims against them); <u>c.f.</u>

<u>Degregorio v. O'Bannon</u>, 86 F.R.D. 109, 119 (E.D. Pa. 1980) ("It is certainly inappropriate to

dismiss parties defendant when a co-defendant has asserted that they, instead of it, may be the

cause of the alleged wrong.").  Finally, Valinotti will remain available to testify as a witness if

the claims against her are dismissed.  See <u>Reetz</u>, 176 F.R.D. at 414.  Absent any evidence of

prejudice to the defendants, I will grant plaintiff's motion to dismiss Valinotti.

      An appropriate Order follows.